# Pullum v. The State.

### Indictment for Destroying or Removing Guide-Board on Public Road.

1. *Defacing, destroying, or removing guide-board on public road.*—The statute which makes it a misdemeanor " willfully to deface, injure or destroy any mile-post, index-board," &c. (Code, § 4122), applies to a guide-board which was erected by private persons at a public road crossing, and which the overseers of the road have allowed to remain.

FROM the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged that the defendant, Tomascus Pullum, " did willfully destroy or remove a guide-board set upon a certain public road or highway, commonly known and called the Dothan and Chiply road." On the trial, a bill of exceptions was reserved by the defendant, as follows: "There was no conflict in the evidence, and it showed that there was a sign-board at a public crossing on the Dothan and Chiply road, pointing to Chiply, and with an inscription on it as follows: *Tindell's Mills, 3 miles; Chiply,* 18 miles. The evidence failed to show that the sign-board was erected or placed there by public authority, or by the overseer of the road. The overseer testified, that it was a new road, and that he himself did not place the sign-board there, but that he would have placed one there but for the fact that the one in question was already there. The evidence showed that the defendant knocked the sign-board down, and that it lay in the road for several days, until the overseer replaced it. The court charged the jury, that if the sign-board was at a public crossing, devoted to public use, and was useful in directing the travelling public to the places to which the roads led, then it would be a violation of the law to willfully knock it down, although it was not put there by any public authority. To this charge defendant excepted."

C. H. LANG, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

[Etress v. The State.]

CLOPTON, J.—The evidence does not show by what authority the guide, or index-board, for the injury or removal of which the defendant was indicted and convicted, was erected. The overseer testified, that the road was a new road, and that he would have placed an index-board at the same place, but for the fact that the one in question was already there. It is contended, that to deface, injure or destroy an index-board, not shown to have been erected by public authority, is not a violation of the statute. It is true, section 1414 of Code, 1886, makes it the duty of overseers of public roads, when the road forks, or turns out, or crosses another public road, to erect within the same index-boards with proper directions. The design of the statute was, to secure the erection of such boards at public expense, for the convenience and guidance of the travelling public. It was not intended to require the overseer to remove one already erected, though by private citizens, and put another in its place. The language of section 4122, under which defendant was indicted, is general and comprehensive—"willfully to deface, injure or destroy any mile-post, index-board, bridge or causeway." If private citizens should build a cause-way, which the overseer of the road had failed to do from neglect of duty, or want of time, it would not be seriously contended, that to willfully destroy such cause-way was not the offense denounced by the statute. It is immaterial to defendant by what authority the index-board was erected. If erected by private individuals, for the convenience and guidance of the public, and devoted to the public use, and permitted to remain for that purpose by the overseer of the road, it is within the protection of the law.

Affirmed.